## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00761 JVS (JPRx) | Date | October 31, 2013 |

| | |
|---|---|
| Title | Jonathan R. Mahlow v. Midland Credit Management Inc. |

| | | |
|---|---|---|
| Present: The Honorable | James V. Selna | |
| Karla J. Tunis | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS)  Order Granting Plaintiff's Motion for Leave to Amend

Plaintiff Jonathan R. Mahlow ("Plaintiff"), who is pro se, moves the Court for leave to amend his complaint against Defendant Midland Credit Management, Inc. ("MCM"). (Docket No. 16.) Plaintiff seeks to add additional defendants to the case and additional causes of action against the current and proposed defendants. (Id. ¶ 11.) MCM opposes.[1] (Docket No. 17.) For the reasons stated herein, the Court GRANTS the motion for leave to amend.

I.   Background

Plaintiff filed this action on May 14, 2013, alleging MCM violated the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). (Docket No. 3.) Plaintiff's claims largely revolve around an allegedly false entry on Plaintiff's credit report. (Compl. ¶ 13.) Plaintiff alleges MCM improperly obtained a copy of Plaintiff's credit report and

_____

[1] The Court notes MCM's concern that Plaintiff did not follow L.R. 7-3 requiring Plaintiff to meet and confer before filing the present motion. Pro se plaintiffs are required to follow L.R. 7-3. (See L.R. 1-3.) However, the parties have discussed an amendment, as Plaintiff informed defense counsel of his desire to amend his complaint to include the new cause of action and defendants. (Opp. 1.) Because MCM opposes the amendment in its entirety and MCM knew what changes Plaintiff was interested in adding to his complaint, the Court finds it unlikely the parties would have significantly narrowed the issues before the Court on their own. The Court addresses the motion on its merits, but reminds Plaintiff he is subject to the Local Rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 13-00761 JVS (JPRx) | Date | October 31, 2013 |

| | |
|---|---|
| Title | Jonathan R. Mahlow v. Midland Credit Management Inc. |

attempted to collect a debt from Plaintiff.

On July 11, 2013, MCM filed an answer. (Docket No. 9.) On September 26, 2013, the Court issued its scheduling order, setting the cut-off date for discovery for April 7, 2014, the law and motion cut-off date for June 2, 2014, the pre-trial conference for July 7, 2014, and the trial date for July 22, 2014. (Docket No. 14.) The deadline for amending the pleadings is November 25, 2013. (Order at 1, Docket No. 15.) Plaintiff filed the present motion to amend on September 27, 2013. (Docket No. 16.)

II.    Legal Standard

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which an amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

III.    Discussion

Plaintiff seeks to add additional claims and defendants to its complaint. (Mot. ¶ 11.) In particular, Plaintiff seeks to add Midland Funding, LLC ("Midland") and Encore

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00761 JVS (JPRx) | Date | October 31, 2013 |
|---|---|---|---|

| Title | Jonathan R. Mahlow v. Midland Credit Management Inc. |
|---|---|

Capital Management, Inc. ("Encore") as defendants. (Id. Ex. A, ¶ 1.) Plaintiff seeks to add a claim under the Consumer Credit Reporting Agencies Act ("CCRAA"). (Id.) Additionally, the proposed amended complaint expands claims asserted in the original complaint. MCM objects to the proposed amendments as dilatory, prejudicial, and futile. The Court addresses these concerns below.

### A.    Undue Delay

MCM points out Plaintiff has given no reason for the delay in requesting an amendment. (Opp. 2-3.) However, the proposed amendments do not cause any significant delay to MCM—Plaintiff filed the motion before the November 25, 2013 deadline for amending the pleadings. While Plaintiff does not articulate a reason the proposed amendments were not included in the original complaint, the parties have yet to file any substantive motions in this case. Additionally, Plaintiff's pro se status warrants some leniency.

### B.    Prejudice to Defendant

"Prejudice exists where amendment will significantly hinder a defendant's ability to defend against plaintiff's claims, as in cases where discovery has already been completed or when the amendment will require relitigation of significant issues." CytoSport, Inc. v. Cytogenix Sports Labs., SRL, No. Civ. 10-700 WBS, 2010 WL 5418883, at *10 (E.D. Cal. Dec. 23, 2010) (citing Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989); Georgiou Studio, Inc. v. Boulevard Invest, LLC, 663 F. Supp. 2d 973, 978 (D. Nev. 2009)).

MCM argues the proposed amendments prejudice MCM because the addition of two new parties increases the costs of discovery and trial preparation. (Opp. 4.) Additionally, MCM claims the proposed amendments completely transform the lawsuit—the amended complaint contains 18 pages of new allegations expanding claims originally brought and adding a new claim. (Id. at 5.) The proposed amended complaint also requests significantly more damages, including punitive damages, significantly increasing the amount in controversy. (Id. at 6.)

The Court disagrees and finds that MCM is not likely to suffer prejudice as a result

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-00761 JVS (JPRx)                    Date   October 31, 2013

Title   Jonathan R. Mahlow v. Midland Credit Management Inc.

of the proposed amendments. First, as discussed above, the proposed amendment would not cause a significant delay. Second, the new claim and expansions of the original claims against MCM do not arise out of a new legal theory that alters the basis of the case. The proposed additional allegations only add new instances of previously alleged statutory violations. See Banga v. Experian Info. Solutions, Inc., 2013 WL 1209946, at *2 (N.D. Cal. Mar. 25, 2013). The additional claim brought against MCM is also very closely related to the previously alleged claims. Thus, the proposed amendment does not alter the nature of the litigation or require MCM to undertake a new course of defense. Additionally, the defendants Plaintiff proposes to add—Midland and Encore—are closely related to MCM. According to Plaintiff, Encore owns Midland and MCM and the three companies "operate as parts of a single business operation." (Mot. Ex. A, ¶ 30-32.)

Thus, the Court sees no significant prejudice to MCM that would justify denying leave to amend.

## C.   Futility of Amendment

An amendment is futile where "no set of facts can be proved which would constitute a valid claim or defense." Hakim v. United States, No. C13-01895 HRL, 2013 WL 5544466, at *2 (N.D. Cal. Oct. 7, 2013) (citing Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Courts examine futility under the same test used to judge the sufficiency of a pleading under Rule 12(b)(6). Miller, 845 F.2d at 214.

MCM argues the proposed amended complaint is futile on several levels. In reviewing MCM's arguments, the Court bears in mind the general rule that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). The Court addresses each of MCM's futility arguments below and finds the proposed amendments are not futile.

### 1.   *Improper Commingling of Claims*

MCM argues the proposed amended complaint is futile because it improperly combines claims and allegations and does not meet federal pleading standards. (Opp. 6-8.) The Court agrees with MCM that Plaintiff may not plead violations of different

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 13-00761 JVS (JPRx)                    Date   October 31, 2013

Title   Jonathan R. Mahlow v. Midland Credit Management Inc.

statutes in the same count. Additionally, Plaintiff should plead each violation of a statute
in separate counts where those violations are based on different transactions or
occurrences. See Fed. R. Civ. P. 10(b). This commingling, however, is not a reason to
deny leave to amend. The Court directs Plaintiff to separate each cause of action into
separate counts in its amended complaint.

## 2. *Inadequate Pleading of No "Permissible Purpose"*

MCM notes that much of the amended complaint is based on Plaintiff's allegation
that MCM obtained his credit report without a "permissible purpose." (Opp. 8.) MCM
argues that debt collection is a "permissible purpose" under the FCRA and Plaintiff
admits MCM is a debt collector. (Opp. 8.)

However, Plaintiff is complaining that MCM falsely reported an account to
consumer reporting agencies, causing a false account to appear on his credit report. (Mot.
Ex. A, ¶ 16.) Plaintiff alleges the account did not belong to him. (Id.) While debt
collection may be a permissible purpose, the heart of Plaintiff's complaint is that MCM
did not have a right to collect against him and that a reasonable investigation prompted
by Plaintiff's complaints to the credit reporting agencies would have indicated as much.

As such, Plaintiff's proposed amendments are not futile with respect to the
"permissible purpose" allegations.

## 3. *Inadequate Pleading of Unreasonable Investigation*

MCM argues Plaintiff inadequately pleads MCM conducted an unreasonable
investigation because Plaintiff fails to explain what was unreasonable about MCM's
investigation. (Opp. 9.) MCM cites Duenas in support. (Id.) In Duenas, however, the
court noted the plaintiff provided no supporting factual allegations, such as what
procedures the defendant failed to follow. Duenas v. Nordstrom FSB, No. CV 12-02062
GAF, 2012 U.S. Dist. LEXIS 149491, at *8-9 (C.D. Cal. Sept. 13, 2012). Here, Plaintiff
does provide some factual support, including allegations that: (1) MCM's investigation
failed to "go beyond mere electronic data and account notes of unverified and
unauthenticated alleged account information" (Mot. Ex. A, ¶ 25); (2) MCM failed to
investigate the "original source providing information to the credit report agencies" (¶
31); and (3) MCM lacked evidence of "whether written contracts exist between the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00761 JVS (JPRx) | Date | October 31, 2013 |
|---|---|---|---|

| Title | Jonathan R. Mahlow v. Midland Credit Management Inc. |
|---|---|

original creditors of the debts and the consumers, or if there was other documentation showing when or how the debts were incurred" and that MCM only possessed "rudimentary information" such as name, contact information, social security number, amount of debt, name of original creditor, original account number, and current owner of the debt (¶ 36). By providing allegations concerning what procedures MCM failed to follow, Plaintiff does what the court requested in <u>Duenas</u>. <u>See Duenas</u>, 2012 U.S. Dist. LEXIS 149491, at *9.

Thus, the Court finds the proposed amendments are not futile with respect to the unreasonable investigation allegations.

### 4.   *Inadequate Pleading of False Reporting*

MCM also argues that Plaintiff fails to allege what information MCM falsely reported. (Opp. 9-10.) However, Plaintiff does allege the information that MCM falsely reported. The proposed amended complaint alleges MCM reported "an alleged account on Plaintiff's Equifax consumer report which MCM states originated in November 2008." (¶ 16.)

Thus, the Court finds the proposed amendments are not futile with respect to the false reporting allegations.

### 5.   *Inadequate Pleading of Deceptive Means*

MCM argues Plaintiff's allegation that MCM used false representations and deceptive means to collect his debt and/or obtain information about Plaintiff is conclusory. (Opp. 10.) The Court agrees that, as currently pleaded in the proposed amended complaint, this allegation is conclusory and lacks the detail for a fraud-based claim.[2] Fed. R. Civ. P. 9(b); <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th

---

[2] While district courts in this circuit are split on whether to apply a heightened pleading standard to allegations of false representations and deceptive means under the FDCPA, the Court is inclined to agree that such allegations sound in fraud and must meet Rule 9(b). <u>See Penny v. NDEX West LLC, et al.</u>, No. CV 11-05567-ODW, 2012 WL 589639, at *8-9 (C.D. Cal. Feb. 22, 2012) (applying heightened pleading standard to fraud claim based on FDCPA violation); <u>Crittenden v. Homeq Servicing</u>, No. CV F

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-00761 JVS (JPRx) | Date | October 31, 2013 |
|---|---|---|---|

| Title | Jonathan R. Mahlow v. Midland Credit Management Inc. |
|---|---|

Cir. 2003). The Court advises Plaintiff to include supporting factual allegations if Plaintiff maintains the alleged violation of 15 U.S.C. § 1692e(10) in its amended complaint.

As discussed above, the Court finds Plaintiff's proposed amendments are not dilatory or futile and will not prejudice MCM. Further, MCM does not challenge the proposed amendments as in bad faith. In light of Plaintiff's pro se status and that this is Plaintiff's first request to amend the complaint, the Court finds leave to amend appropriate.

IV.   Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for leave to amend. Plaintiff has thirty (30) days to file a First Amended Complaint in compliance with this Order, including pleading the deceptive means allegation with specificity. The Court finds oral argument would not be helpful in this matter and vacates the November 4, 2013 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

IT IS SO ORDERED.

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |

---

09-0950, 2009 WL 3162247 at *6-8 (E.D. Cal. Sept. 29, 2009) (applying heightened pleading standard to deceptive means allegations in FDCPA claim); Bank of N.Y. Mellon v. Sakala, No. CV 11-00618 DAE, 2012 WL 1424668, at *6 (D. Haw. Apr. 24, 2012) (noting deceptive means allegations under FDCPA sound in fraud and applying Rule 9(b)); but see Blaxill v. Arrow Fin. Servs., No. 10-CV-04520 JF, 2011 WL 1299350, at *1, 4 (N.D. Cal. Apr. 4, 2011) (applying Rule 8(a), but not addressing the possibility Rule 9(b) may apply); Chavez v. Allied Interstate, No. 12-CV-01079-AWI, 2012 WL 2839800 at *1, 6 (E.D. Cal. Jul. 10, 2012) (same); Tourgeman v. Collins Fin. Servs., Inc., No. 08-CV-1392 JLS, 2011 WL 3176453, at *2, 6 (S.D. Cal. Jul. 26, 2011) (same).